**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| SHELBY LEDBETTER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 9:22-cv-00707-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BEAUFORT COUNTY SCHOOL DISTRICT, BEAUFORT COUNTY SCHOOL BOARD, CHRISTINA GWOZDZ. CATHY ROBINE, WILLIAM SMITH, EARL CAMPBELL, RICHARD GEIER, DAVID STRIEBINGER, MELVIN CAMPBELL, TRICIA FIDRYCH, DOCTOR FRANK RODRIGUEZ, ALICE WALTON, TODD BORNSCHEUER, LEAH MCCARTHY, RYAN MCCARTHY, DONNA WASHACK, ANGELA STEPHEN SOTIROPOULOS, RICK SOTIROPOULOS, CRAIG KRUCKENBERG, ALICE BOLD, JENNIFER COHEN, SHERLY DAVIS, COURTNEY MCHAFFIER, CHRIS WIZOWATYM LISA BAIADA MILLER, and DIANA TARULLI, | ))))))))))))))) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendants Todd Bornscheuer, Earl Campbell, Melvin Campbell, Tricia Fidrych, Richard Geier, Christina Gwozdz, Cathy Robine, Superintendent Frank Rodriguez, David Striebinger, Alice Walton, Rachel Wisnefski's (the "Individual District Defendants") motion to dismiss, ECF No. 6; defendants Alice Bolds, Leah McCarthy, Courtney McHaffie, Lisa Baiada Miller, Rick Sotiropoulos, Diana Tarulli's (the "Band Booster Parent Defendants") motion to dismiss, ECF No. 7; defendant William Smith's ("Smith") motion to dismiss, ECF No. 9; defendants Jennifer

1

Cohen, Craig Kruckenberg, Ryan McCarthy, Angela Sotiropoulos, Donna Washack, Chris Wizowaty's ("Band Parent Defendants") motion to dismiss, ECF No. 11; and plaintiff Shelby Ledbetter's ("Ledbetter") motion to amend, ECF No. 12.  For the reasons set forth below, the court grants the motions to dismiss without prejudice and denies the motion to amend.

## I.  BACKGROUND

This employment dispute arises from Ledbetter's termination from her position as a first-year year induction teacher and band director of the Beaufort County School District's (the "District") May River High School Band.  Ledbetter was hired to teach band for the 2019 to 2020 school year.  The District terminated Ledbetter's employment within the first semester on or around November 5, 2019.

On November 11, 2021, Ledbetter filed suit in the Beaufort County Court of Common Pleas against the District; the Beaufort County Board of Education ("BOE"); most members of the District's Board of Trustees; the District Superintendent, Frank Rodriguez; the District's Human Resources Director, Alice Walton; the Principal of May River High School, Todd Bornscheuer; and a number of bandmember parents who allegedly undertook various actions that led to her termination by the District.  For the purposes of this Order, the bandmember parents are divided into two categories: those who were volunteers who participated as officers of the Band's Booster Club—the Band Booster Parent Defendants—and those who did not—the Band Parent Defendants.[1]

---

[1] The amended complaint, now the operative complaint, refers to all of those defendants who are not otherwise Individual District Defendants as "Defendant Parents." However, defendants maintain that the distinction is relevant to the pending motions to dismiss, and the court therefore acknowledges the distinction.

2

Initially, Ledbetter asserted a number of state law claims against these defendants, including breach of contract, abuse of process, defamation, civil conspiracy, tortious interference with contract, and intentional infliction of emotional distress. However, on January 28, 2022, Ledbetter amended her complaint to add federal claims under 42 U.S.C. § 1983 against the Individual District Defendants. Subsequently, defendants removed the action to this court. ECF No. 1.

On March 11, 2022, the Individual District Defendants, the Band Booster Parent Defendants, and Smith filed motions to dismiss. ECF Nos. 6, 7, and 9, respectively. On March 16, 2022, the Band Parent Defendants filed a motion to dismiss. ECF No. 11. Ledbetter did not file a response, and the time to do so has now expired. Instead, on March 25, 2022, Ledbetter filed a motion to amend her complaint. ECF No. 12. On April 8, 2022, all defendants filed a joint response in opposition, ECF No. 13, and on April 29, 2022, Ledbetter replied, ECF No. 17. As such, the motions to dismiss and motion to amend are now ripe for the court's review.

## II.  DISCUSSION

Ledbetter filed a forty-nine-page complaint with 354 numbered paragraphs, naming twenty-seven individual defendants as well as the District and the BOE as entity defendants. The Individual District Defendants, the Band Booster Parent Defendants, Smith, and the Band Parent Defendants all filed motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] In their motions, defendants challenge Ledbetter's complaint in several respects, arguing, inter alia, that certain

---

[2] The District and the BOE have not filed motions to dismiss the claims against them.

defendants enjoy qualified immunity, that certain defendants are not proper parties that may be named under the South Carolina Tort Claims Act, that Ledbetter was not entitled to a name-clearing hearing, that Ledbetter did not enjoy a property interest in her continued employment, and that Ledbetter received all necessary procedural due process in connection with her termination.  In lieu of responding to any of the arguments in these thoroughly briefed motions to dismiss, Ledbetter filed a perfunctory, bare-bones request to amend her complaint.  Defendants oppose the motion to amend as futile.  Upon consideration, the court finds amendment inappropriate under the circumstances.

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend a pleading as a matter of course within 21 days after serving it; however, in all other cases, a party may amend its pleading only with the opposing party's consent or the court's leave.  Fed. R. Civ. P. 15(a).  "The court should freely give leave when justice so requires."  Id.  "[L]eave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile."  Foster v. Wintergreen Real Estate, Co., 363 F. App'x 269, 276 (4th Cir. 2010).  Generally, an amendment is "futile" if it "would fail to withstand a motion to dismiss."  Woods v. Boeing Co., 841 F. Supp. 2d 925, 930 (D.S.C. 2012).  Accordingly, in order to determine futility, the court analyzes an amended complaint under Rule 12(b)(6).  See Hall v. Greystar Mgmt. Servs., L.P., 637 F. App'x 93, 97 (4th Cir. 2016) ("An amendment is futile if the amended claim would fail to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)."); Martin v. Boeing Co., 2016 WL 7239914, at *2 (D.S.C. Dec. 15, 2016) (noting that the

discussion of a motion to dismiss and subsequent motion to amend "dovetails substantially" under Rule 12(b)(6)).

Ledbetter's motion to amend is entirely devoid of any discussion of the amendments she seeks to make or how those amendments remedy the deficiencies alleged in defendants' motions to dismiss. Because she did not provide such discussion or respond to the motions to dismiss, the court cannot assess the futility of the proposed amendments. The court will not parse through Ledbetter's proposed amended complaint, compare it to the operative complaint to ascertain the proposed amendments, and assess whether those amendments are sufficient to withstand the motions to dismiss without a hint of argument from Ledbetter on the matter. As the Fourth Circuit has explained, and as this court has repeatedly stressed, judges "are not like pigs, hunting for truffles buried in briefs. Similarly, it is not our job to [] make arguments for either party." Hensley ex rel. N.C. v. Price, 876 F.3d 573, 581 (4th Cir. 2017).

The purpose of a motion to dismiss is to "expedite and simplify the pretrial phase of federal litigation while at the same time promoting the just disposition of civil cases." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1342 (3d ed. 2004). Testing the formal sufficiency of the statement of the claim for relief found in a plaintiff's complaint is the very purpose for Federal Rule of Civil Procedure 12(b)(6). Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). As a result, courts look disfavorably on motions to amend brought for the purpose of circumventing dispositive motions. See, e.g., Sandcrest Outpatient Servs., P.A. v. Cumberland Cnty. Hosp. Sys., Inc., 853 F.2d 1139, 1149 (4th Cir. 1988) (affirming denial of a motion to amend in part because "the proposed amendment appears to have been an

after-thought by appellant, possibly prompted only by the concern that it would lose on the summary judgment motion"); Goewey v. United States, 886 F. Supp. 1268, 1284–85 (D.S.C. 1995) (denying plaintiffs' motion to amend because the "[p]laintiffs' attempt to amend their complaint now . . . appears to be an eleventh hour attempt to evade a grant of summary judgment").  Here, Ledbetter's motion to amend is not only an attempt to circumvent an adverse ruling on three pending motions to dismiss, but it also seems to be an attempt to avoid briefing or addressing the merits of her claims.  Ledbetter, as master of the lawsuit, must assert appropriate claims against proper parties in a timely manner or suffer dismissal.  To blindly allow amendment in the face of motions to dismiss—without any assurance that the complaint as amended would survive those motions—would wreak havoc on the judicial system by adding substantial delay and undermining the Federal Rules of Civil Procedure.

The court views Ledbetter's evasive and bald motion to amend as a failure to diligently pursue and prosecute her case against the individually-named defendants.  Accordingly, because Ledbetter failed to respond to any of the motions to dismiss or file a motion to amend that sufficiently explains her proposed amendments and how the proposed amended complaint is not futile, the court considers the motions to dismiss unopposed.  The court therefore grants all motions to dismiss and dismisses the action against the Individual District Defendants, the Band Booster Parent Defendants, Smith, and the Band Parent Defendants without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, the court **DENIES** the motion to amend, **GRANTS** all motions to dismiss, and **DISMISSES** the Individual District Defendants, the Band Booster Parent Defendants, Smith, and the Band Parent Defendants from the action without prejudice.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 30, 2022**
**Charleston, South Carolina**